**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Faye Myrette-Crosley,<br><br>        Plaintiff,<br>   v.<br><br>Mortg. Elec. Registration Sys., Inc., et al.,<br><br>        Defendants.<br>_____/ | NO. C 11-05660 JW<br><br>**ORDER DISMISSING CERTAIN DEFENDANTS; ORDERING PLAINTIFF TO SHOW CAUSE WHY REMAINING DEFENDANT SHOULD NOT BE DISMISSED; REQUIRING SUBMISSION OF DOCUMENTS** |

Presently before the Court are Defendants' Motions to Dismiss Plaintiff's First Amended Complaint.[1] Defendants move to dismiss Plaintiff's Complaint on the ground that Plaintiff has failed to adequately plead any of her twenty-two causes of action. The Court finds it appropriate to take the Motions under submission without oral argument. See Civ. L.R. 7-1(b).

Based on its own review of the procedural history of this case, the Court finds that this case has been adjudicated on the merits as to all Defendants except Defendant Federal Home Loan.[2] In addition, the Court has significant concerns regarding Plaintiff's ability to proceed in this case

---

[1] (Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Against MTC Financial Inc., dba Trustee Corps for Failure to State a Claim Upon Which Relief May Be Granted, hereafter, "Trustee Corps Motion," Docket Item No. 4-1; Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint for Failure to State a Claim Upon Which Relief May Be Granted or, in the Alternative, For Summary Judgment, hereafter, "MERS Motion," Docket Item No. 13-1.)

[2] Named Defendants are Mortgage Electronic Registration Systems, Inc. ("MERS"), Clarion Mortgage Capital, Inc.("Clarion"), MTC Financial dba Trustee Corps ("Trustee Corps"), Indymac Federal Bank, F.S.B. ("IndyMac"), OneWest Bank, F.S.B. ("OneWest") and Federal Home Loan Mortgage Corporation ("Federal Home Loan").

against Federal Home Loan in light of the dismissal of all other Defendants. Accordingly, the Court declines to consider Defendants' Motions on the merits at this time, and instead DISMISSES the case with prejudice against all Defendants other than Defendant Federal Home Loan, ORDERS Plaintiff to show cause as to why her claims against the sole remaining Defendant should not be dismissed, and ORDERS Defendant Federal Home Loan to submit additional documentation as to Plaintiff's remaining claim.

**A.   Background**

On December 4, 2009, Plaintiff filed an initial Complaint in Contra Costa County Superior Court.[3] On March 18, 2010, the court granted Defendant Trustee Corps' demurrers to the Complaint without leave to amend.[4] On April 7, 2010, before a final judgment was signed dismissing the case as to Trustee Corps, the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Defendant Indymac, removed the action.[5] On June 16, 2010, Plaintiff voluntarily dismissed the case in its entirety.[6]

On July 1, 2010, Plaintiff filed a second Complaint in Contra Costa County Superior Court.[7] On August 11, 2010, the FDIC again removed the action.[8] On March 23, 2011, Plaintiff voluntarily

---

[3] (Trustee Corps' Request for Judicial Notice in Support of Motion to Dismiss First Amended Complaint Against Defendant MTC Financial Inc., dba Trustee Corps for Failure to State a Claim Upon Which Relief May Be Granted, hereafter, "Trustee Corps RJN," Ex. K, First Amended Complaint, hereafter, "State Court First Amended Complaint," Docket Item No. 4-2.) Plaintiff's State Court First Amended Complaint named Defendants Clarion, IndyMac and Trustee Corps as Defendants.

[4] (See Trustee Corps RJN, Ex. L, Notice of Ruling on Defendant MTC Financial Inc., dba Trustee Corps' Demurrers for Plaintiff's First Amended Complaint and Motion to Strike, Docket Item No. 4-2.)

[5] (See Docket Item No. 1 in No. C 10-1481 CRB.)

[6] (See Notice of Dismissal Pursuant [sic] Rule 41(a) or (c) F.R.Civ.P [sic], hereafter, "June 16 Notice of Dismissal," Docket Item No. 8 in No. C 10-1481 CRB.)

[7] (See Docket Item No. 1-1 in No. C 10-3523 CW.) This Complaint named all Defendants named in the First Amended Complaint in this case as well as Defendant MERS and Defendant Federal Home Loan. (See id. at 4.)

[8] (See Docket Item No. 1 in No. C 10-3523 CW.)

2

dismissed her claims against Defendants IndyMac and Federal Home Loan without prejudice, and represented to the Court that all claims against those Defendants had been resolved.[9] On May 5, 2011, Judge Wilken issued an order dismissing Plaintiff's claims against Defendants Clarion and Trustee Corps based on Plaintiff's representations that she had dismissed those Defendants prior to removal.[10] Judge Wilken also ordered Plaintiff to file an affidavit demonstrating proper service on Defendant MERS with the Court within three days, and warned that failure to do so would result in dismissal of Plaintiff's Complaint against Defendant MERS. (See id.) On May 12, 2011, Judge Wilken issued an order observing that Plaintiff had failed to comply with the Court's May 5 Order, and, accordingly, dismissed Plaintiff's Complaint against Defendant MERS.[11] Judge Wilken also ordered Plaintiff to file a Motion for Default Judgment against Defendant OneWest Bank within fourteen days of publication of the order. (Id. at 1-2.) On June 3, 2011, based on Plaintiff's failure to comply with the Court's May 12 Order, Judge Wilken dismissed Plaintiff's claims against OneWest for failure to prosecute.[12] Finding that no claims against any Defendant remained in the case, Judge Wilken closed the case. (See id.)

On October 24, 2011, Plaintiff again filed a complaint labeled as a First Amended Complaint in Contra Costa County Superior Court, against the same Defendants and for the same claims as her previous Complaints.[13] On November 22, 2011, Defendant Federal Home Loan removed the action

---

[9] (See Notice of Voluntary Dismissal Without Prejudice, hereafter, "March 23 Notice of Dismissal," Docket Item No. 18 in No. C 10-3523 CW.)

[10] (See Order Dismissing Claims Against Clarion Mortgage Capital and MTC Financial, and Concerning Proof of Service on MERS, hereafter, "May 5 Order," Docket Item No. 27 in No. C 10-3523 CW.)

[11] (See Order Dismissing Claims Against MERS and Directing Plaintiff to Seek Default Judgment Against OneWest Bank, hereafter, "May 12 Order," Docket Item No. 28 in No. C 10-3523 CW.)

[12] (See Order Dismissing Claims Against Defendant OneWest Bank for Failure to Prosecute and Closing Case, hereafter, "June 3 Order," Docket Item No. 29 in No. C 10-3523 CW.)

[13] (First Amended Complaint for: Monetary Damages, Statutory Damages, Punitive Damages, Injunctive Relief and Declaratory Relief, hereafter, "FAC," Docket Item No. 1-1.)

3

to federal Court pursuant to 12 U.S.C. § 1452(f).[14]  On January 25, 2012, Plaintiff moved for an entry of default against Defendant Clarion.  (See Docket Item No. 21.)  On January 31, 2012, default as to Defendant Clarion was entered.  (See Docket Item No. 24.)

**B.     Discussion**

At issue is whether Plaintiff's Complaint is properly before the Court or whether the Complaint has been adjudicated on the merits.

Federal Rule of Civil Procedure 41(b) provides that "[i]f [a] plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits."  Federal Rule of Civil Procedure 41(a) provides that a plaintiff may dismiss her own complaint against another party, but that if the plaintiff has previously dismissed any federal or state court cause of action "based on or including the same claim," then the notice of dismissal "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(a)(1)(B).

Here, the Court previously dismissed Defendants Clarion, Trustee Corps, MERS and OneWest without specifying that the dismissal was without prejudice.[15]  These dismissals were not based on improper venue, lack of jurisdiction, or failure to properly join a party.  (See id.)  Thus, under the plain language of Rule 41(b), these dismissals function as adjudications on the merits.  In addition, the record shows that as to Defendant IndyMac, Plaintiff voluntarily dismissed her claim on two separate occasions, as she dismissed her entire complaint the first time it was removed to federal court, and dismissed Defendant IndyMac specifically the second time her case was

---

[14] (See Notice of Removal, Docket Item No. 1.)  12 U.S.C. § 1452(f) provides, in pertinent part, that any civil action in a state court to which Federal Home Loan is a party may, at any time before trial, be removed to the United States District Court "embracing the place where the [action] is pending."

[15] (See May 5 Order; May 12 Order; June 3 Order.)

4

removed.[16] Since Plaintiff had already dismissed a cause of action against Defendant IndyMac based on the same claim, the second dismissal functions as an adjudication on the merits of Plaintiff's case under Rule 41(a)(1)(B). Thus, the Court finds that Plaintiff's claims against Defendants Clarion, Trustee Corps, MERS, IndyMac and OneWest have been fully adjudicated on the merits and are barred by res judicata.[17]

Accordingly, the Court DISMISSES all claims against Defendants Clarion, Trustee Corps, MERS, IndyMac and OneWest with prejudice.

**C.     Plaintiff's Remaining Claim**

Based on the foregoing, the only causes of action remaining in Plaintiff's Complaint are those against Defendant Federal Home Loan.[18] Upon review of Plaintiff's Complaint, the Court has a number of concerns regarding Plaintiff's ability to pursue a claim against Defendant Federal Home Loan absent any other Defendants. In particular, as Plaintiff clearly alleges that Defendants other than Defendant Federal Home Loan induced Plaintiff to enter the loan at issue and conducted the trustee sale,[19] several of Plaintiff's claims are facially deficient as to Defendant Federal Home Loan.[20] In addition, since Plaintiff's only allegations as to Defendant Federal Home Loan are for its role as a beneficiary of a deed of trust substituted after the deed was signed,[21] it appears likely to the

---

[16] (See June 16 Notice of Dismissal; March 23 Notice of Dismissal.)

[17] See Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir. 1992) ("Res judicata, or claim preclusion, prevents the relitigation of a claim previously tried and decided.").

[18] Because Defendant Federal Home Loan was not named in Plaintiff's State Court First Amended Complaint, Plaintiff's voluntary dismissal of Defendant Federal Home Loan the second time she filed the case does not function as an adjudication on the merits. The Court observes, however, that Plaintiff's unambiguous representation to the Court that her claim against Defendant Federal Home Loan had settled could provide a basis to judicially estop Plaintiff from reinitiating this claim. (See March 23 Notice of Dismissal.)

[19] (See FAC.)

[20] (See, e.g., FAC ¶¶ 151-161 (alleging fraud against all Defendants but not identifying any conduct or statements by Defendant Federal Home Loan).)

[21] (See FAC ¶ 50.)

5

1  Court that an unambiguous offer of tender will be required to maintain any claims against Defendant
2  Federal Home Loan.[22] Plaintiff's allegations in her Complaint as to whether she can tender the value
3  of the loan are at best ambiguous.[23] Finally, Plaintiff's Complaint references an unlawful detainer
4  action filed by Defendant Federal Home Loan in state court. (See FAC ¶ 72.) Since neither party
5  has provided the Court with Defendant Federal Home Loan's Complaint in that action, the Court
6  cannot assess whether consideration of Plaintiff's Complaint in this case would have the effect of
7  enjoining an ongoing state court proceeding. Based on these concerns, the Court finds it appropriate
8  to order Plaintiff to show cause as to why her remaining claims should not be dismissed.

**D.    Conclusion**

The Court ORDERS as follows:

(1) On or before **March 12, 2012 at 9 a.m.**, Plaintiff shall appear and show cause why her remaining claims against Defendant Federal Home Loan should not be dismissed. On or before **March 5, 2012**, Plaintiff shall file the appropriate certificate stating why her claims against Defendant Federal Home Loan should not be dismissed. In her certificate, Plaintiff shall include, *inter alia*, an affidavit under the penalty of perjury of her present ability to tender the value of Plaintiff's loan to Defendant Federal Home Loan. Failure to timely comply with this Order will result in dismissal pursuant to Fed. R. Civ. P. 41(b).

(2) On or before **March 2, 2012**, Defendant Federal Home Loan shall file with the Court a copy of the Complaint in the unlawful detainer action referenced in Plaintiff's Complaint. Defendant shall also apprise the Court of the status of that action.

---

[22] See Giannini v. Am. Home Motg. Servicing, Inc., No. C11-04489 TEH, 2012 WL 298254, at *2 (N.D. Cal. Feb. 1, 2012) ("[A]s a condition precedent to an action by the trustor to set aside the trustee's sale on grounds that the sale is voidable, the trustor must pay, or offer to pay, the secured debt, or at least all of the delinquencies and costs due for redemption, before an action is commenced or in the complaint") (citation omitted); see also Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (Cal. Ct. App. 1996) (holding that the tender rule applies to "any cause of action for irregularity in the sale procedure").

[23] (See FAC ¶ 47.)

6

(3) The Court DISMISSES all claims against Defendants Clarion, Trustee Corps, MERS, IndyMac and OneWest with prejudice.[24]

Dated:  February 23, 2012

JAMES WARE
United States District Chief Judge

---

[24] In light of this Order, the Court DENIES as moot Defendant Trustee Corps' Motion to Appear by Telephone. (See Docket Item No. 26.)

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Charles William Nunley charles.nunley@sierralawgroup.net
Richard Joseph Reynolds rreynolds@trlawyers.com
Timothy Lee McCandless tmvictorvillelaw@gmail.com
William Guy Malcolm bill@mclaw.org

**Dated: February 23, 2012**                                **Richard W. Wieking, Clerk**

                                                 **By:    /s/ JW Chambers**
                                                          **Susan Imbriani**
                                                          **Courtroom Deputy**

**United States District Court**
For the Northern District of California